ROBERT B. CAVERLY *vs.* WILLIAM C. GRAY.

In an action by the assignee of an insolvent debtor against an officer to recover the
value of property attached and sold by him on mesne process against the debtor, the
defendant, after proving a demand upon him for the property by a mortgagee thereof,
may give in evidence a writ subsequently sued out against him by the mortgagee con-
taining a bill of particulars of the property, for the purpose of showing that the mort-
gagee was still insisting on his rights.

ACTION OF CONTRACT by the assignee in insolvency of Cyrus
Pierce and Charles E. Pierce, to recover of a deputy sheriff the
money received from the sale of perishable property attached as
theirs on a writ in favor of one Heathwood, who recovered
judgment after the commencement of proceedings in insol-
vency.  Answer, that the money belonged to the Merrimack
River Lumber Company, mortgagees of the property.

At the trial in the court of common pleas, the defendant, after
giving evidence of the title of the mortgagees, and of a demand
in writing upon him, and of a notice to foreclose the mortgage,
offered in evidence an original writ, sued out against him by
the mortgagees a few days after the notice to foreclose, and duly
entered in court, annexed to which was a bill of particulars of
all the property attached and sold by the defendant.

The plaintiff objected to this as irrelevant and inadmissible.
But *Sanger,* J. overruled the objection. and admitted it as evi-
dence " that the mortgagees were still insisting upon their rights,
but not as evidence as to the property in dispute."

The other questions raised at the trial were either decided
in other cases at this term, or rendered immaterial by a gen-
eral verdict for the defendant.   The plaintiff alleged exceptions.

*R. B. Caverly, pro se.*

*B. F. Butler,* for the defendant.

DEWEY, J.   For the limited purpose for which the original
writ in favor of the Merrimack River Lumber Company, and
the schedule annexed thereto, were admitted, there is no objec-
tion to their admission, unless on the ground of irrelevancy

They certainly had no tendency to show any title in said company, and were not admitted as evidence on that point.

*Exceptions overruled.*